IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**DAVID LEE HURT,**

    **Petitioner,**

v.                        **CIVIL ACTION NO. 2:03CV80**

**THOMAS McBRIDE, Warden,**

    **Respondent.**

### REPORT AND RECOMMENDATION

On February 8, 2005, the petitioner filed a Motion for Leave to File Amended Habeas Petition. The petitioner wants to amend his §2254 petition to include the following additional grounds:

1.    The petitioner was not informed by the trial court he had the right to testify and in the connection with privileges against self-incrimination, the Petitioner was not advised he had the right not to testify and that if he does testify, then the jury can be instructed about the right.

2.    The Petitioner was not fully informed of his right by the trial court of his attorney regarding the waiver of his juvenile rights to adult court.

3.    The Petitioner was denied his Sixth Amendment right to a fair trial when the trial court allowed the flight evidence to be introduced as evidence in the Petitioner's trial and as well as evidence of prior bad acts.

4.    Prosecutorial Misconduct pertaining to the Prosecutor's closing remarks about Petitioner and making unnecessary objections during the Petitioner's testimony.

The Rules Governing Section §2254 Cases in the United States District Courts do not address amending §2254 petitions. However, the Fourth Circuit Court of Appeals has recognized that Rule

15 of the Federal Rules of Civil Procedure can be applied to the amendment of a §2254 petition. See Smith v. Angelone, 111 F.3d 1126 (4th Cir. 1997).

Federal Rule of Civil Procedure 15(a) provides that "a party may amend the party's pleading once as a matter of course at any time before a responsive pleading is served . . . Otherwise a party may amend the party's pleading only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires." "In the absence of any apparent or declared reason -- such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance to the amendment, futility of amendment, etc. -- the leave sought should, as the rule requires, be 'freely given.'" Foman v. Davis, 371 U.S. 178, 182 (1962). See also Sandcrest Outpatient Services, P.A. v. Cumberland County Hosp. System, Inc., 853 F.2d 1139, 1148 (4th Cir. 1988).

"Where the statute of limitations bars a cause of action, amendment may be futile and therefore can be denied." United States v. Pittman, 209 F.3d 314, 317 (4th Cir. 2000). However, "when proposed claims in an amendment are barred by the statute of limitations, Rule 15(c) provides for the relation back of amendments to the original pleading under certain circumstances. Relation back is permitted when 'the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth ... in the original pleading.' Fed.R.Civ.P. 15(c)(2)." Id.

In Pittman, the petitioner raised the following claims in his §2255 motion: "(1) the district court lacked jurisdiction to impose an enhanced sentence on the basis of prior convictions; (2) the enhancement for a prior conviction was improper; and (3) the government had not established by a preponderance of the evidence that the drugs at issue were crack cocaine." Id. at 317. In Pittman's

2

motion to amend, he raised two additional claims: "(1) the failure to file a requested appeal resulted in ineffective assistance of counsel; and (2) the enhancement for obstruction of justice, which was imposed for Pittman's failure to appear at sentencing, was improper." Id. The Fourth Circuit Court of Appeals found that neither of the new claims related back to the original claims. Specifically, the Fourth Circuit found that the claim of ineffective assistance of counsel arose out of different conduct and transactions than the claims in the original motion. Further, the court found the claim regarding the enhancement for obstruction of justice arose out of different conduct than the original enhancement claim. In determining there was no relation back, the Fourth Circuit relied upon United States v. Craycraft, 167 F. 3d. 451 (8th Cir. 1999), and United States v. Duffus, 174 F. 3d 333 (3d Cir.), cert. denied, 528 U.S. 866 (1999), cases in which the petitioners had raised claims of ineffective assistance of counsel in their §2255 motions and their proposed amendments. The Fourth Circuit noted that both courts determined that the amended claims were "completely new" and did not relate back to the original claims.

In the petitioner's §2254 petition, which he filed on September 22, 2003, he raised the following grounds: (1) newly discovered evidence; (2) improper change of venue; (3) denial of effective assistance of counsel; (4) prosecutorial misconduct because the prosecution failed to disclose to the defense the names of additional witnesses it intended to use at trial; and (5) cumulative error. The petitioner raised totally new claims in his Motion for Leave to Amend. Thus, because the new claims do not relate back to the petitioner's prior claims and the Motion for Leave to Amend was filed on February 8, 2005, more than one year after the petitioner filed his §2254 petition and clearly more than one year from when his conviction became final, the new claims are barred by the statute of limitations. Thus, any amendment would be futile. Accordingly, the

3

undersigned recommends that the Court **deny** the petitioner's Motion for Leave to Amend.

Any party may file, within ten (10) days after the date of this Recommendation, with the Clerk of the Court written objections identifying the portions of the Recommendation to which objections are made, and the basis for such objections. A copy of such objections should also be submitted to the Honorable Robert E. Maxwell, United States District Judge. Failure to timely file objections to the Recommendation set forth above will result in waiver of the right to appeal from a judgement of this Court based upon such Recommendation.[1]

The Clerk of Court is directed to mail a copy of this Order to the pro se petitioner and the Attorney General for the State of West Virginia.

Dated: February 23, 2005

JOHN S. KAULL
UNITED STATES MAGISTRATE JUDGE

---

[1] 28 U.S.C. § 636(b)(1); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); Thomas v. Arn, 474 U.S. 140 (1985).